

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-19-00077-CR

---

ANTHONY MICHAEL MARTINO, Appellant

V.

THE STATE OF TEXAS, Appellee

---

On Appeal from the 173rd District Court
Henderson County, Texas
Trial Court No. CR17-0201-173

---

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Justice Burgess

MEMORANDUM OPINION

Anthony Michael Martino pled guilty to aggravated sexual assault of a child.[1]  Following a bench trial on punishment, Martino was sentenced to twenty years' incarceration.

Martino's appellate counsel filed a brief that outlined the procedural history of the case, provided a detailed summary of the evidence elicited during the trial court proceedings, and stated that counsel found no meritorious issues to raise on appeal.[2]  Meeting the requirements of *Anders v. California*, counsel has provided a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced.  *Anders v. California*, 386 U.S. 738, 743–44 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 509–10 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978).  Counsel filed a motion with this Court seeking to withdraw as counsel in this appeal and provided Martino with a copy of the brief, the appellate record, and the motion to withdraw.  Counsel also informed Martino of his right to review the record and file a pro se response.  By letter dated June 19, 2019, this Court advised Martino that his pro se response, if any, was due on or before July 19, 2019.  By letter dated July 24, 2019, this Court advised Martino that this case was set for submission on August 14, 2019.  Martino has not filed a pro se response and has not requested an extension of time in which to file such a response.

---

[1]*See* TEX. PENAL CODE ANN. § 22.021(a)(2)(B).

[2]Originally appealed to the Twelfth Court of Appeals in Tyler, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001.  We are unaware of any conflict between precedent of the Twelfth Court of Appeals and that of this Court on any relevant issue. *See* TEX. R. APP. P. 41.3.

However, in *Anders* cases, appellate courts "have the authority to reform judgments and affirm as modified in cases where there is non reversible error." *Ferguson v. State*, 435 S.W.3d 291, 294 (Tex. App.—Waco 2014, pet. struck) (comprehensively discussing appellate cases that have modified judgments in *Anders* cases). We note that the trial court's judgment ordered Martino to pay $1,550.00 in attorney fees for court-appointed counsel. The record establishes that Martino is indigent. Under Article 26.05(g) of the Texas Code of Criminal Procedure, a trial court has the authority to order the reimbursement of court-appointed attorney fees only if "the court determines that a defendant has financial resources that enable him to offset in part or in whole the costs of the legal services provided, including any expenses and costs." TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (Supp.). "[T]he defendant's financial resources and ability to pay are explicit critical elements in the trial court's determination of the propriety of ordering reimbursement of costs and fees" of legal services provided. *Armstrong v. State*, 340 S.W.3d 759, 765–66 (Tex. Crim. App. 2011) (quoting *Mayer v. State*, 309 S.W.3d 552, 556 (Tex. Crim. App. 2010)).

Here, the record is devoid of any determination or finding by the trial court that Martino had financial resources or was otherwise able to pay the appointed attorney fees. Thus, the assessment of attorney fees was erroneous and should be removed. *Cates v. State*, 402 S.W.3d 250, 252 (Tex. Crim. App. 2013); *see Mayer v. State*, 309 S.W.3d 552, 556 (Tex. Crim. App. 2010); *Martin v. State*, 405 S.W.3d 944, 946–47 (Tex. App.—Texarkana 2013, no pet.). We, therefore, modify the judgment by deleting the assessment of attorney fees.

We have reviewed the entire appellate record and have independently determined that no reversible error exists. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

In the *Anders* context, once we determine that the appeal is without merit, we must either dismiss the appeal or affirm the trial court's judgment. *See Anders*, 386 U.S. 738.

We affirm the judgment of the trial court, as modified.[3]

Ralph K. Burgess
Justice

Date Submitted:     August 14, 2019
Date Decided:       August 16, 2019

Do Not Publish

---

[3]Since we agree that this case presents no reversible error, we also, in accordance with *Anders*, grant counsel's request to withdraw from further representation of Appellant in this case. *See Anders*, 386 U.S. at 744. No substitute counsel will be appointed. Should Appellant desire to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review (1) must be filed within thirty days from either the date of this opinion or the date on which the last timely motion for rehearing was overruled by this Court, *see* TEX. R. APP. P. 68.2, (2) must be filed with the clerk of the Texas Court of Criminal Appeals, *see* TEX. R. APP. P. 68.3, and (3) should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure, *see* TEX. R. APP. P. 68.4.